298       APPELLATE COURTS OF ILLINOIS.

VOL. 140.]    Bradbury v. Vandalia Levee & Drain. Dis.

## John Bradbury et al., Appellants, v. Vandalia Levee & Drainage District, Appellee.

IMMUNITY FROM SUIT—*to whom applies.* An involuntary public corporation created and organized as an instrument of the state to effect a specified purpose in a specified way, is not liable to respond in an action for damages.

Action in case. Appeal from the Circuit Court of Fayette county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

BROWN & BURNSIDE, for appellants.

B. W. HENRY and ALBERT & MATHENY, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee is a drainage district organized (incorporated) under the Drainage Act of 1879, and amendments thereto (chapter 42 Rev. Stat.). Pursuant of its corporate purpose and act within statutory powers, in 1904, it constructed a levee along the east bank of the Kaskaskia river, in Fayette county, a distance of twelve miles, and from the river to the bluff at the upper end, the purpose and effect of which was to reclaim or protect from overflow the bottom land between the river and bluff on the east side. Appellants owned eighteen acres of high bottom land on the west side of the river, one-fourth of a mile above the upper end of the levee on the opposite side and not within the territory of the said drainage district.

The action is in case, brought by appellants against the appellee in its corporate capacity, to recover damages caused by overflow of the Kaskaskia river. It is alleged by the declaration that plaintiffs' land was not subject to overflow prior to the construction of the levee and that the levee caused the flood waters of the river to rise higher than they otherwise would on the west side of the river and above the levee, thereby submerging plaintiffs' land and causing the damage complained of. The defendant filed a general and special

demurrer to the declaration, which was sustained, and judgment was rendered by 'the court in favor of defendant and against the plaintiffs for costs, from which this appeal prosecuted. The special demurrer would not avail on the grounds stated, for we find no allegation in the declaration abstracted that "lands of divers other persons besides the plaintiffs, have been damaged," nor is other averment pointed out which violates the rule against duplicity in pleading.

The controlling question in the case is made by the general demurrer by which it is admitted that the levee caused the overflow and damages alleged in the declaration. That the appellee drainage district is a corporation of the class known in law as involuntary *quasi*-public corporations, against which no action for damages can be maintained, seems to be settled beyond controversy by our Supreme Court. The case of Elmore v. Drainage Commissioners, 135 Ill. 259, is directly in point and conclusive of the question made by the demurrer in this case. In the Elmore case action was brought against the drainage commissioners as a corporation to recover for damages caused by an overflow of plaintiff's land lying within the district. The commissioners, in regular and lawful manner, extended the boundary of the district and connected the drainage of the added territory with the drains already constructed, which being inadequate, the resulting overflow of water damaged the plaintiff's land. A demurrer to the declaration was sustained on the ground that the drainage district was a *quasi*-public corporation against which the action would not lie. The court says: "A drainage district is organized merely for a special and limited purpose. Its powers are restricted to such as the legislature has deemed essential for the accomplishment of such purpose, and it is only authorized to raise funds for the specific object for which it is formed, and can do that in no other mode than by special assessments upon the property benefited, which can in no case exceed the benefit of the lands assessed. No funds or

300    Appellate Courts of Illinois.

Vol. 140.]    Bradbury v. Vandalia Levee & Drain. Dis.

means are furnished such district with which to pay damages occasioned to individuals by the tortious or unauthorized acts of the drainage commissioners, and there is no express statutory requirement that it shall be liable for such torts. The duty which was incumbent upon appellee to protect the lands of appellant through which its ditch passed from inundation, was a duty of imperfect obligation, and one for the breach of which no action for damages lies against the district. The act (1879) under which appellee is organized is a general law, and applicable alike to all parts of the state, and under its provisions drainage districts may everywhere be formed. Appellee is to be regarded a mere public involuntary *quasi*-corporation, and the well established and uniform doctrine is, that there is no corporate liability to respond in damages to an individual injured by the negligent or wrongful act of its officers, agents, or servants.'' Appellee being an involuntary public corporation, created and organized as an instrument of the state to effect a specified purpose in a specified way, its acts are those of the state and as such may not be held to respond in an action for damages. It is contended by appellants that their land is ''lying above'' the appellee district within the meaning of section 2, chapter 42 of the statute, which provides ''that the lands embraced in such drainage districts shall be liable for any and all damages which may be sustained by any lands lying above such drainage district,'' etc. It is doubtful that the statute may be so construed or that such was the purpose and intent of the legislature, but inasmuch as the construction of the statute does not affect the question now to be decided, we refrain from expressing any opinion upon this contention. It may be stated as a general proposition, that the drainage law was enacted by the state in the exercise of its police power, that the drainage district is the governmental agency to enforce the law so enacted, and that the constitutional restriction in the right to take or damage private property has no appli-

cation. "A levee district is a *quasi*-public corporation, created by the state under its police power for the purpose of certain prescribed governmental functions in the district, such as the protection of the overflowing or inundation of lands." 25 Cyc. 194. Though not so required by the constitution, the legislature may provide for the payment of damages occasioned by exercise of police powers in such manner as measurably, at least, to distribute the burden and benefits equally among those directly affected. To this end, the drainage laws have been so framed that the expense of a drain or levee including compensation for property taken and damages to property not taken within a definite territory, shall be borne by those whose property, within the district, has been specially benefited by the improvement.

It is conceded that the appellee acted within statutory authority in constructing the levee, and it is admitted by the demurrer that the damages suffered by appellants were caused by what was done by appellee, yet under the law, the appellee corporation cannot be held liable in an action for damages in such case. The demurrer was rightfully sustained, and the judgment of the Circuit Court must therefore be affirmed.

*Affirmed.*